IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PARK INDUSTRIES, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) No. | |
| vs. ) | |
| ) **COMPLAINT** | |
| DIATOOL, LLC, ) | |
| ) **JURY TRIAL DEMANDED** | |
| *Defendant.* ) | |

Plaintiff, Park Industries, Inc., through its undersigned attorneys, as and for its Complaint against Defendant Diatool, LLC, alleges and states as follows:

## THE PARTIES

1. Plaintiff, Park Industries, Inc. ("Park Industries"), is a corporation organized and existing under the laws of Minnesota and having a principal place of business at 6600 Saukview Drive, St. Cloud, Minnesota 56303.

2. On information and belief, Defendant, Diatool, LLC ("Diatool"), is a limited liability company organized and existing under the laws of Illinois and having a principal place of business at 1434 West Winona Street, Chicago, Illinois 60640.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement, arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 282-285. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Jurisdiction is proper because, on information and belief, Defendant transacts business in this judicial district including the sales and offering for sale of its products, has committed acts of infringement in this judicial district and Defendant has sufficient contacts with this judicial district to subject itself to the jurisdiction of this Court.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## BACKGROUND

6. Park Industries is engaged in the business of manufacturing and selling stone-fabrication machines, including corner saw machines, to customers around the world.

7. On August 10, 2010, United States Patent No. 7,771,249 ("the '249 patent"), entitled "Corner Saw" was duly and legally issued to Park Industries as an assignee of the inventors, Michael P. Schlough, Phillip A. Snartland, Aaron J. Zulkosky. A copy of the '249 patent is attached hereto as Exhibit A.

8. Park Industries is the owner of the entire right, title and interest in and to the '249 patent, and has been and continues to be the owner.

9. On January 24, 2012, United States Patent No. 8,100,740 ("the '740 patent"), entitled "Corner Saw" was duly and legally issued to Park Industries as an assignee of the inventors, Michael P. Schlough, Phillip A. Snartland, Aaron J. Zulkosky. A copy of the '740 patent is attached hereto as Exhibit B.

10. Park Industries is the owner of the entire right, title and interest in and to the '740 patent, and has been and continues to be the owner.

11. These patents are directed at corner saw machines used for cutting corner pieces of stone and other materials.

12. Diatool is engaged in the business of importing, using, selling and/or offering for sale stone-fabrication machines, including corner saw machines. (*See* Ex. C, promoting sale of the accused product.) On information and belief, Diatool purposefully imports stone-fabrication machines, including corner saw machines from abroad and sells them throughout the United States.

13. Upon information and belief, Diatool sells stone fabrication machines, including corner saws, manufactured by Yonani. (*See* Exs. D & E.) Such Yonani products include the CornerPro and VeneerPro-VB.

14. A product catalog for stone-fabrication machines, including a sample accused corner saw machine, identified as Yonani "CornerPro," is attached hereto as Exhibit D.

15. A product catalog for stone-fabrication machines including a sample accused corner saw machine identified as Yonani "VeneerPro-VB" is attached hereto as Ex. E.

16. On information and belief, the accused corner saw machines are made by unlawfully performing the claimed methods as disclosed in the '249 and '740 patents.

17. On information and belief, Diatool purchases and imports the accused corner saw machines manufactured by practicing the claimed methods in the '249 and '740 patents outside the United States and without permission from Park Industries.

18. On information and belief, the foreign manufacturer's activities would directly infringe, contribute to the infringement of, and/or induce infringement of the '249 and '740 patents through the performance of the claimed methods in the United States.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,771,249

19. Park Industries restates the allegations set forth in paragraphs 1 through 18 above and incorporates them herein by reference.

20. On information and belief, Diatool is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '249 patent by making, using, importing into the United States, offering to sell, and/or selling the accused corner saw machines, including the CornerPro and VeneerPro-VB, in this district and elsewhere in the United States in violation of 35 U.S.C. § 271.

21. On information and belief, Diatool has imported, sold and/or used, without Park Industries' consent, the accused corner saw machines that are made by practicing the claimed invention of the '249 patent outside the United States. The importation of an article made by an infringing method constitutes an act of infringement under Section 271(g).

22. On information and belief, a foreign entity manufactures the accused corner saw machines abroad by using the claimed methods of the '249 patent outside the United States.

23. On information and belief, Diatool purchases, uses and/or sells the accused corner saw machines manufactured outside the United States using the claimed methods of the '249 patent.

24. On information and belief, the products made using the patented methods abroad are neither materially changed by subsequent methods nor do they constitute a trivial and nonessential component of another product.

25. On information and belief, Diatool will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '249 patent unless and until Diatool is enjoined by this Court.

26. Diatool's acts of infringement have caused and continue to cause damage to Park Industries, and Park Industries is entitled to recover from Diatool the damages sustained by Park Industries in an amount to be determined at trial.

27. Park Industries has suffered irreparable harm by Diatool's infringement of the '249 patent and will continue to suffer irreparable harm in the future unless and until Diatool is enjoined from infringing the '249 patent.

28. Park Industries has satisfied the notice provisions of 35 U.S.C. § 287.

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 8,100,740**

29. Park Industries restates the allegations set forth in paragraphs 1-28 and incorporates them herein by reference.

30. On information and belief, Diatool is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '740 patent by making, using, importing into the United States, offering to sell, and/or selling the accused corner saw machines, including the CornerPro and VeneerPro-VB, in this district and elsewhere in the United States in violation of 35 U.S.C. § 271.

31. On information and belief, Diatool has imported, sold and/or used, without Park Industries' consent, the accused corner saw machines that are made by practicing the claimed invention of the '740 patent outside the United States. The importation of an article made by an infringing method constitutes an act of infringement under Section 271(g).

32. On information and belief, a foreign entity manufactures the accused corner saw machines abroad by using the claimed method of the '740 patent outside the United States.

33. On information and belief, Diatool purchases, uses and/or sells the accused corner saw machines manufactured outside the United States using the claimed method of the '740 patent.

34. On information and belief, the products made using the patented method abroad are neither materially changed by a subsequent method(s) nor do they constitute a trivial and nonessential component of another product.

35. On information and belief, Diatool will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '740 patent unless and until Diatool is enjoined by this Court.

36. Diatool's acts of infringement have caused and continue to cause damage to Park Industries, and Park Industries is entitled to recover from Diatool the damages sustained by Park Industries in an amount to be determined at trial.

37. Park Industries has suffered irreparable harm by Diatool's infringement of the '740 patent and will continue to suffer irreparable harm in the future unless and until Diatool is enjoined from infringing the '740 patent.

38. Park Industries has satisfied the notice provisions of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment that:

(a) United States Patent Nos. 7,771,249 and 8,100,740 were duly and legally issued, are valid and enforceable;

(b) The Defendant, Diatool, LLC, has infringed one or more claims of United States Patent Nos. 7,771,249 and 8,100,740;

(c) The Defendant, Diatool, LLC, its officers, agents, servants and employees, and those persons in active concert or participating with it be enjoined form further infringing United States Patent Nos. 7,771,249 and 8,100,740;

(d) An accounting be had and the Plaintiff, Park Industries, Inc., be awarded damages arising out of the Defendant, Diatool, LLC's infringement of United States Patent Nos. 7,771,249 and 8,100,740 with interest;

(e) The Defendant, Diatool, LLC, be permanently enjoined from continued use, importation, offer for sale, or sale of the products that infringe the patent-in-suit;

(f) This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff, Park Industries, Inc., be awarded its costs and attorney's fees in pursuing this action; and

(g) Plaintiff, Park Industries, Inc. be awarded such other and further relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Park Industries, Inc. hereby demands a trial by jury of all issues so triable.

Dated: July 1, 2013

Respectfully submitted,

PARK INDUSTRIES, INC., Plaintiff

By: /s/ Oscar L. Alcantara
Oscar L. Alcantara
GOLDBERG KOHN, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000
*Attorneys for Plaintiff Park Industries, Inc.*